IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON JONES, ) | Case No. C 16-0248 PSG (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| STATE OF CALIFORNIA, et al., ) | |
| ) | |
| Defendants. ) | |

Brandon Jones, a California inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, the court dismisses the complaint for failure to state a claim for relief.

**I. DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

---

[1] Jones has consented to magistrate judge jurisdiction. *See* Docket No. 3.

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 16-0248 PSG (PR)
ORDER OF DISMISSAL

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Jones' Claim

Jones names as defendants the State of California, the District Attorney for Antelope Valley, and the Deputy District Attorney for Lancaster, who prosecuted Jones in a 2013 criminal case. He alleges that the prosecutors accused him of having two prior strikes, which caused him stress and resulted in an unfair bail. Jones also claims that, due to the accusation, he lost income, his significant other, and had health problems. He seeks damages.

Jones fails to state a cognizable claim for relief. To state a claim arising under federal law, it must be clear from the face of a plaintiff's well-pleaded complaint that there is a federal question.[6] Even with liberal construction, Jones does not allege that any constitutional right was violated.

More importantly, the defendants are immune from suit. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.[7] Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued regardless of the relief sought.[8]

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

[7] *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).

[8] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Case No. C 16-0248 PSG (PR)
ORDER OF DISMISSAL

2

The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court, and is barred from suit.[9]

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process.[10] The prosecutors' act of alleging that a defendant suffered prior strike convictions is clearly conduct taken as an advocate for the State, and is intimately associated with the judicial phase of the criminal process.[11]  Thus, the District Attorney for Antelope Valley and the Deputy District Attorney for Lancaster are absolutely immune from this suit.

Jones' complaint is dismissed as his allegations against defendants, who are immune from suit, fail to state a claim cognizable under 42 U.S.C. § 1983.  Such dismissal will be without leave to amend, as any amendment under the circumstances alleged herein would be futile.[12]

## II.  CONCLUSION

The complaint is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED: 3/30/2016

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

[10] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[11] *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (finding that preparing and filing a criminal information and a motion for an arrest warrant are protected by absolute immunity); *Gobel v. Maricopa County*, 867 F.2d 1201, 1204 (9th Cir. 1989) ("Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case. . . .").

[12] *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

Case No. C 16-0248 PSG (PR)
ORDER OF DISMISSAL